UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61347-CIV-ZLOCH/ROSENBAUM

NEW ENGLAND TECHNOLOGY INC.,

    Plaintiff,

v.

SIGMA TECH SALES, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Notice of Filing of the Declaration of David G. Thomas [D.E. 58], pursuant to the Court's Order granting Plaintiff's Motion for Sanctions relating to its Motions to Compel [D.E. 53].[1]  The Court has considered all filings in support of and in opposition to Plaintiff's fee submission.  After review of these materials, as well as of relevant case law and the record, the Court awards Plaintiff **$8,659.50** in reasonable expenses.

---

[1] Previously, the Court granted Plaintiff's Motion to Stay Payment and Reconsider Amount of Reasonable Expenses ("Plaintiff's Motion for Reconsideration").  D.E. 57.  In that Order, the Court directed Plaintiff to file an affidavit detailing its reasonable expenses incurred in responding to Defendant's conduct and provided Defendant with an opportunity to file any objections.  D.E. 57.

*I. Background*

Following various discovery disputes, Plaintiff filed its First Motion to Compel and Sanctions. D.E. 33. After the First Motion to Compel was fully briefed by both parties, Plaintiff filed its Supplement to its Motion, or its Second Motion to Compel and Sanctions. D.E. 37. Subsequently, Defendant filed its response. D.E. 43.

Thereafter, the parties informed the Court that they had reached a settlement of all claims except regarding the Motion for Sanctions and requested an extension of time to settle their dispute. D.E. 48. The Court granted the parties' request but directed the parties to inform the Court if the Motion for Sanctions had been settled. D.E. 49. Because the parties did not file a notification with the Court, the Court held a hearing on Plaintiff's Motion for Sanctions. D.E. 51.

Following the hearing, the Court granted Plaintiff's Motion for Sanctions relating to its Motions to Compel. D.E. 53.[2] Specifically, in the Order granting Plaintiff's Motion for Sanctions, the Court found that Defendant had failed to provide reasons that substantially justified Defendant's six-week delay in the production of the signed verifications of Defendant's responses to Plaintiff's discovery requests. *Id.* at 11-12. Nor did Defendant provide any explanation for its failure to respond to Plaintiff's good-faith efforts to obtain the verifications from Defendant. *Id.* Likewise, the Court concluded that Defendant did not state any reason that substantially justified its vague and non-specific objections to many of the interrogatories contained within Plaintiff's First and Second Set of Interrogatories. Similarly, Defendant failed to explain its disregard of Plaintiff's good-faith

---

[2] For a fuller discussion of the background of the case, the history regarding Plaintiff's Motions to Compel [*see* D.E. 33, 37], and Defendant's conduct leading to the Court's Order, please see the Court's May 6, 2010, Order. D.E. 53.

efforts to procure better responses. *Id.* at 13-14. The Court also determined that Defendant did not substantially justify its failure to produce responsive documents to Plaintiff. *Id.* at 12-15. Moreover, Defendant demonstrated no other reasons that would make an award to Plaintiff of reasonable expenses unjust. *Id.* at 10-15. Thus, the Court awarded Plaintiff reasonable expenses incurred in connection with its response to Defendant's conduct resulting in the Court's May 6, 2010, Order. The Court further set forth particular amounts to be awarded based on its own approximations of a reasonable fee.

Subsequently, however, Plaintiff requested that the Court reconsider its award and provide Plaintiff with an opportunity to submit its billing records substantiating the fees that it actually incurred in addressing Defendant's discovery conduct. Defendant objected on the basis that Plaintiff had not submitted its reasonable estimate of fees and other accompanying information along with its Motions to Compel that requested sanctions. In view of the fact that the production of such materials requires the incursion of additional expenses, and Defendant's position would have required Plaintiff to undertake such expenses at a time before Plaintiff could have known even whether the Court was going to grant its Motions for Sanctions, the Court declined to sustain Defendant's objections. Moreover, because case law appears to require the Court to use the lodestar method as a starting point for determining a reasonable fee, the Court granted Plaintiff's Motion for Reconsideration.

Consequently, on June 28, 2010, the Court directed Plaintiff to file an affidavit detailing its reasonable expenses incurred in connection with the conduct described in the Court's May 6, 2010,

3

Order. D.E. 57. The Court also directed Defendant to file its objections to Plaintiff's affidavit of reasonable expenses. *Id.*

In accordance with the Court's June 28, 2010, Order, Plaintiff filed a Notice of Declaration of David G. Thomas ("Thomas") in support of its request for reasonable expenses. D.E. 58. The Notice included a Declaration by Thomas and Greenberg Traurig's billing records detailing hours and costs sought by Plaintiff regarding Defendant's sanctionable conduct. D.E. 58-1, 58-3. In his Declaration, Thomas represents that he is a Shareholder of the law firm of Greenberg Traurig and is the primary attorney responsible for representing Plaintiff in this litigation. D.E. 58-1 at 2. He states that he has been practicing law for twelve years, maintains a diverse practice in commercial and business claims, and has extensive experience handling the types of claims in this case. *Id.* at 3. In addition, Thomas notes that he is admitted to practice in Massachusetts, is based out of the firm's Boston office, and has been admitted *pro hac vice* in various other jurisdictions. *Id.*

Thomas further attests that Jonathan Chane ("Chane") of Greenberg Traurig's West Palm Beach office, acted as local counsel for this litigation. *Id.* at 2-3. Thomas represents that Chane is Of Counsel at Greenberg Traurig and has been practicing law for 13 years. *Id.* at 3. Furthermore, Thomas asserts that Chane also maintains a diverse practice, handling construction and financial service disputes and mass torts, among other areas of practice. *Id.* In addition, Thomas notes that Chane is admitted to practice in Florida and has been admitted *pro hac vice* in various other jurisdictions. *Id.*

According to Thomas, he redacted the billing records attached to his Declaration and included only those entries that fall into two separately marked categories: (1) time billed on tasks

4

related to Defendant's conduct for which Plaintiff seeks an award, and (2) time billed on tasks related to Defendant's conduct if an unrelated task was also billed within that particular entry, for which Plaintiff does not seek an award. *Id.* at 5-6. In other words, Plaintiff requests fees for only those entries of time billed on tasks completely related to Defendant's conduct at issue in the May 6, 2010, Order, as set forth in the first category of entries. *Id.* In the Declaration, Thomas summarized all of the activities in which Plaintiff engaged in order to obtain Defendant's compliance with Plaintiff's discovery requests. *Id.* at 4-5, 6. In total, Plaintiff seeks an award for a minimum of 30.0 hours of Thomas's time and 12.1 hours of Chane's time, for a total of 42.1 hours. *Id.*

Thomas further states that Plaintiff agreed to pay Thomas an hourly rate of $350.00 and Chane an hourly rate of $325.00, which represents a discount from Greenberg Traurig's standard billing rates of $540.00 an hour for Thomas's time and $390.00 an hour for Chane's time. *Id.* at 6. Consequently, Thomas states that Plaintiff seeks an award for Thomas's time at $350.00 an hour and for Chane's time at $325.00 an hour. *Id.*

Based on the number of hours sought, Plaintiff requests that the Court award $10,500.00 for Thomas's time (at a rate of $350.00 an hour for 30.0 hours) and $3,932.50 for Chane's time (at a rate of $325.00 an hour for 12.1 hours), for a total attorney's fees award of $14,432.50. *Id.* at 7. In addition, Plaintiff also asks the Court to grant it costs for research charges from Westlaw and parking costs to attend the May 3, 2010, hearing, related to Defendant's sanctionable conduct, for a total of $403.66. *Id.* Adding Plaintiff's total attorney's fee request and costs, Plaintiff seeks at total of $14,836.16 of reasonable expenses related to Defendant's conduct. *Id.*

Defendant filed its Response on July 20, 2010. D.E. 60. According to Defendant, Plaintiff's requests for attorney's fees and hourly rates charged for services set forth in the Notice are unreasonable. *Id.* at 2. In support of its contention, Defendant objects to the amount of time for which Plaintiff seeks fees for communications between Plaintiff's attorneys. *Id.* Specifically, Defendant points to an entry dated February 22, 2010, billed by Plaintiff's attorney Thomas for "communication with J. Chane re: filing." *Id.* Defendant also cites to an entry dated March 31, 2010, billed by Plaintiff's attorney Chane for "Confer with D. Thomas re: case strategy and hearing on Motion for Sanction." *Id.* Defendant asserts that both of these entries represent unreasonable attorney's fees and that other entries similarly reveal inter-office communications among counsel, which Defendant suggests should not be recoverable by Plaintiff. *Id.* at 3.

Additionally, in its Response, Defendant also moves to strike billing records attached to Thomas's Declaration. *Id.* at 3. According to Defendant, these time sheets constitute inadmissible hearsay and must be stricken pursuant to Rule 802 of the Federal Rules of Evidence. *Id.*[3]

Plaintiff subsequently filed its Corrected Reply to Defendant's Response. D.E. 62. In its Reply, Plaintiff argues that Defendant failed to set forth reasonable bases for its objections to the entries on February 22 and March 31. *Id.* at 2. In this respect, Plaintiff contends that Defendant did

---

[3] In its Response, Defendant also includes a section titled "Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration," that appears to argue that the original amount of fees granted to Plaintiff for Defendant's sanctionable conduct set forth in the May 6th Order should stand and that Plaintiff's Motion for Reconsideration should be denied. D.E. 60 at 4-5. Defendant, however, already had an opportunity to respond to Plaintiff's Motion for Reconsideration [*see* D.E. 54], and, in fact, did so on June 1, 2001 [*see* D.E. 55]. Furthermore, when the Court ruled on Plaintiff's Motion for Reconsideration and granted Plaintiff's Motion, it considered Defendant's Response. As the Court has already granted Plaintiff's Motion for Reconsideration, the issue is now moot.

not accurately describe the entries and that Defendant did not set forth any explanation as to why it viewed the actual tasks completed as unreasonable. *Id.* According to Plaintiff, the February 22nd billing entry for 1.8 hours reads, "Review Opposition to Second MTC; draft Reply and Opposition; communications J. Chane re: filing." *Id.* Regarding the March 31st billing entry for 0.4 hours, the entry reads, "Confer with D. Thomas re: case strategy and hearing on motion for sanction; review order on motion to continue." *Id.* Plaintiff asserts that these entries reflect a reasonable amount of time to efficiently perform the tasks outlined. *Id.* Furthermore, Plaintiff rejects Defendant's implication that any communication between Plaintiff's lead counsel and local counsel is *per se* unreasonable, as Thomas is not a practicing attorney in Florida, and communications with local counsel, Chane, were necessary and appropriate. *Id.*

In addition, Plaintiff argues that Defendant's request that the billing records be stricken should be denied. In this respect, Plaintiff points out that Local Rule 7.3, S.D. Fla., requires the submission of billing records to support a request for fees. *Id.* at 3-4. Moreover, Plaintiff contends that under Rule 803(6), Fed. R. Evid., billing records constitute business records kept in the course of Greenberg Traurig's regularly conducted business activities. *Id.* As Defendant did not make any arguments suggesting the untrustworthiness of the business records, Plaintiff contends that the billing records do not constitute impermissible hearsay. *Id.*

### II. Analysis

This Circuit has adopted the lodestar method to determine reasonable attorneys' fees. *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In computing the lodestar, the Court must first determine the reasonable hourly rate. In the Eleventh

Circuit, a "reasonable hourly rate" equates to "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303). Moreover, although the Eleventh Circuit set forth the lodestar approach in *Norman*, it reiterated that at least some of the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[4] still have some utility in establishing the hourly rate.[5] *Norman*, 836 F.2d at 1299.

---

[4] The *Johnson* case was followed for many years by the Eleventh Circuit in setting a reasonable attorney's fee. The Supreme Court, however, moved away from using the *Johnson* factors in determining fees and adopted the more objective and predictable lodestar formula. *See Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546 (1986).

[5] The twelve *Johnson* factors that may be considered when setting a fee include the following:

> (1) the time and labor required;
> (2) the novelty and difficulty of the issues;
> (3) the skill required to perform the legal services properly;
> (4) the preclusion of other employment;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation and ability of the attorneys;
> (10) the undesirability of the case;
> (11) the nature and length of professional relationship with the client; and
> (12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

Once the Court determines the reasonable hourly rate, it must find the reasonable number of hours expended on the litigation. This analysis focuses on excluding hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). When objections to fee petitions are raised, such objections must be precise and reasonably specific. *See ACLU of Georgia*, 168 F.3d at 427; *Norman*, 836 F.2d at 1301. The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. *See ACLU of Georgia*, 168 F.3d at 428. So that the Court may accurately determine the amount of fees to be awarded, the fee applicant must provide the Court with specific and detailed evidence. *Id.* If the party moving for the fees fails to exercise required billing judgment, the Court is obligated to do so by reducing the number of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id*.

In applying this framework to the hours requested in this matter, first, the Court notes that the May 6th Order awarded Plaintiff certain fees relating to its Motions to Compel against Defendant under Rule 37, Fed. R. Civ. P., which permits a court to award any "reasonable expenses, including attorney's fees," incurred in bringing a motion to compel. Thus, the Court's May 6th Order established Plaintiff's entitlement to fees for amounts incurred in connection with the activities discussed in that Order. *See* D.E. 53.

According to Plaintiff's submission, Plaintiff's lead counsel Thomas requests $350.00 an hour for himself, as a shareholder with 12 years' experience in commercial and business litigation.

9

D.E. 58-1 at 2-3, 6.  Additionally, Plaintiff seeks $325 an hour for Chane, an of counsel with 13 years' experience in general litigation.  *Id.*

While Defendant objects that these hourly rates are "unreasonable," Defendant provides no specific support for its objection.  Nonetheless, the Court still must still independently evaluate whether these requested rates are reasonable.  The Court finds that they are.  Plaintiff appropriately detailed the experience levels and expertise of both Thomas and Chane.  Based on the Court's own knowledge of and experience with the prevailing market rates in the relevant legal community of the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience, and reputation, *see Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299), the Court finds that the hourly rates for Thomas and Chane fall within a reasonable range.  *See, e.g., Flagstar Bank, FSB v. A.M. Hochstadt*, 210 WL 1226112 (S.D. Fla. Mar. 4, 2010) (finding $425 to be a reasonable hourly rate for attorney with 34 years' experience, and deeming $250 to be a reasonable hourly rate for an attorney with 8 years' experience); *Pellegrino v. Koeckritz Devel. Of Boca Raton, LLC*, 2008 WL 6128747, *3 (S.D. Fla. Nov. 24, 2008) (finding $310 to be a reasonable hourly rate for a commercial litigator with 6 years of experience).

Next, the Court considers the reasonableness of the hours requested by Plaintiff.  As a preliminary matter, the Court begins with Defendant's Motion to Strike Plaintiff's billing records that Plaintiff relied upon in order to support its request for reasonable hours incurred due to Defendant's conduct.  Pursuant to the Court's June 28, 2010, Order, the Court directed Plaintiff to provide an affidavit detailing its reasonable expenses associated with Defendant's sanctionable conduct that complied with Local Rule 7.3, S.D. Fla.  D.E. 57.  Among other requirements, Rule 7.3

directs that a party requesting attorney's fees and costs must "provide [to the Court] . . . the number of hours reasonably expended by each . . . timekeeper; and . . . a description of the tasks during those hours," and to "document with invoices all incurred and claimed fees . . . ." L.R. 7.3(a)(6), (7). Plaintiff's submission of billing records that specifically outlined those billing entries for which Plaintiff seeks reasonable expenses complies with Local Rule 7.3 and the Court's June 28th Order. Nor does the record contain any evidence suggesting that the billing records are not trustworthy. Thus, to the extent that Plaintiff's billing records may constitute otherwise-inadmissible hearsay, the Court finds that these records fall into the business records exception under Rule 803(6), Fed. R. Evid., and are admissible for purposes of determining Plaintiff's reasonable expenses. Accordingly, the Court denies Defendant's Motion to Strike.

Turning to the reasonableness of the number of hours billed, according to Thomas's Affidavit, he and Chane billed 42.1 hours regarding those issues for which Plaintiff was awarded reasonable fees in the May 6th Order. D.E. 58-1 at 6. In his Declaration, Thomas provided a general overview of all the activities that counsel performed. *Id.* at 4. Additionally, Thomas provided the time records with descriptions of those hours worked by the two attorneys relating to the fee requests. D.E. 58-3. Thomas also represents that he reviewed the billing records under a conservative approach and asserts that the 42.1 hours requested constitutes the minimum time reasonably expended, considering Defendant's conduct. D.E. 58-1 at 5-6. Further, Thomas states that Plaintiff requested those hours consistent with Thomas's role as lead counsel at 30.1 hours and Chane's role as local counsel at 12.1 hours. *Id.*

11

While Defendant objected generally that Plaintiff requested an unreasonable number of hours, a general objection is not enough to defeat Plaintiff's request for these hours.  Defendant, however, did specifically object to two of Plaintiff's billing entries on February 22nd and March 31st as non-recoverable inter-office communications between attorneys.  Thus, the Court considers each of these entries individually.

When a party retains multiple attorneys, a reduction in duplicated time is warranted where the attorneys are "*unreasonably* doing the *same* work." *Coy v. Allstate Floridian Ins. Corp.*, 2007 WL 1732098, *3 (M.D. Fla.  June 14, 2007) (quoting *Johnson v. Univ. Coll. Of Univ. Of Ala. In Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)) (emphasis in original).  Attorney time spent in conference with one another, however, is generally compensable. *Coy*, 2007 WL 1732098 at *3 (citing *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinnellas County*, 278 F. Supp. 2d 1301, 1315 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Servs., Inc.*. 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 20002); *Review of Publ'ns, Inc. v. Navarro*, 1991 WL 252962, * 6 (S.D. Fla. June 26, 1991)).

Turning to the specific entries at issue, the February 22nd billing entry by lead counsel Thomas for 1.8 hours reads, "Review Opposition to Second MTC; draft and revise reply to Opposition; communications with J. Chane re: filing." D.E. 58-3 at 11.  In its review of the billing records, the Court notes that on the same day, local counsel Chane made a similar entry for 1.30 hours that reads, "Review response to supplemental motion for sanctions; revise and file reply to supplemental motion for sanctions; memos re: the same." *Id.*  In light of the case law, the Court finds that, in isolation, these two entries do not reflect that Thomas and Chane were unreasonably doing the same work.  As Plaintiff's lead and local counsel must work together in order to provide

12

a cohesive representation of their client's interests, the Court finds that these billing entries are reasonable.

Plaintiff's March 31st billing entry by Chane, for 0.4 hours reads, "Confer with D. Thomas re: case strategy and hearing on motion for sanction; review order on motion to continue." D.E. 58-3 at 17. Plaintiff does not seek fees regarding any corresponding entry by Thomas for this same date or near this same date. The Court finds that, in isolation, Plaintiff's request for 0.4 hours of time reflected in this entry for communication between Chane and Thomas does not represent an unreasonable amount of time. Accordingly, the Court overrules Defendant's specific objections.

After a careful review of Plaintiff's filings, including the Motions to Compel and supporting filings and the time records submitted, however, the Court reduces the total requested hours by 40%. Although Defendant's actions required Plaintiff to file its Motions to Compel and Plaintiff certainly produced a high-quality work product reflecting the actual expenditure of the hours for which it now seeks payment, the Court is not convinced that the nature of the violations merited the expenditure of, effectively, one person's entire regular work week in order for Plaintiff to address them effectively. In reaching this conclusion, the Court notes that the Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Accordingly, because the number of hours claimed is excessive in relation to the relief sought in the Motions to Compel, the Court reduces the lodestar calculation by 40% as indicated below:

| **Attorney** | **Rate** | **Hours** | **Calculation** | **Total** |
|---|---|---|---|---|
| Thomas | $350 | 30.0 | ($350 x 30.0) | $10,500.00 |
| Chane | $325 | 12.1 | ($325 x 12.1) | $3,932.50 |

|  |  |
|---|---|
| 42.1 hours | $14,432.50 |
|  | X     .60 |
|  | **$8,659.50** |

Next, the Court turns to Plaintiff's request for costs. According to Thomas's Declaration, Plaintiff asks the Court to grant it costs for research charges from Westlaw and parking costs to attend the May 3, 2010, hearing, related to Defendant's sanctionable conduct, for a total of $403.66. Parking charges and Westlaw research charges, however, are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (costs for legal research and parking fees are nonrecoverable); *see Armor Screen Corp. v. Storm Catcher, Inc.*, 2007 WL 1871685, *7 (S.D. Fla. Jun. 29, 2009) (costs incurred from legal research on Lexis and Westlaw not recoverable). Thus, the Court denies Plaintiff's request for these costs.

In sum, after review of all the relevant filings, the Court grants Plaintiff **$8,659.50** in reasonable expenses relating to Defendant's conduct as set forth in the Court's May 6th Order. Accordingly, the Court hereby **ORDERS and ADJUDGES** that Defendant shall pay Plaintiff **$8,659.50** in reasonable expenses.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 7th day of October 2010.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   The Honorable William J. Zloch
      Counsel of Record