UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61347-CIV-ZLOCH/ROSENBAUM

NEW ENGLAND TECHNOLOGY, INC.,

    Plaintiff,

v.

SIGMA TECH SALES, INC.,

    Defendant.
_____/

## SECOND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

This matter is before the Court on the Motion for Sanctions [D.E. 82] filed by Plaintiff New England Technology, Inc., ("NETI") and referred to me by the Honorable William J. Zloch [D.E. 83]. In its Order of August 4, 2011, ("August 4 Order") the Court deferred ruling on NETI's Motion so that Defendant Sigma Tech Sales, Inc., ("Sigma") could elect whether to proceed with a contempt hearing or to pay the $8,659.50 in discovery sanctions that the Court awarded to NETI on October 7, 2010 ("Sanctions Order"). *See* D.E. 86 at 6-7. The August 4 Order directed that if Sigma chose to pay the sanctions award, that payment would be due within 30 days after Sigma filed its notice of election with the Court. *See id.*

On August 18, 2011, Sigma notified the Court that it would pay the sanctions owed to NETI. *See* D.E. 87 at 1. Based on its alleged financial constraints, however, Sigma claimed that it is "unable to arrange for such payment within 30 days as provided by the Magistrate in her August 4, 2011, Order." *Id.* Sigma therefore requested that the Court "modify its August 4, 2011, Order and permit Sigma Tech to make payment to NETI in the sum of $8,659.50, which payment shall be paid, in full, on or before November 16, 2011." *Id.* at 2.

NETI filed a response to Sigma's notice. *See* D.E. 88. Pointing out that the sanctions award had remained unpaid for more than ten months, NETI requested that Sigma's payment be due by October 7, 2011, "the one year anniversary of the original Order directing payment [D.E. 70]." *Id.* at 2. Further, NETI reiterated its request for an award of $1,358.07 in fees and costs that NETI had incurred in filing its Motion for an Order requiring Sigma to show cause why it should not be held in contempt of Court [D.E. 75]. *See* D.E. 88 at 2.

Regarding the deadline for Sigma's payment, the Court noted in its August 4 Order that NETI had identified evidence "cast[ing] serious doubt on Sigma's claim that it cannot muster, through any reasonable means, the relatively modest amount of $8,659.50 to comply with the Court's Orders." D.E. 86 at 5-6. For these same reasons, the Court is skeptical of Sigma's claim that it cannot pay the sanctions award within the 30-day period required by the August 4 Order. And, while Sigma makes a commitment to paying by November 16, 2011, it identifies no reason why the additional requested time for payment would put Sigma in a better position to comply with the Court's Sanctions Order. In other words, Sigma points to no anticipated receipt of payments from its customers, no possible loan proceeds, and nothing else to suggest that Sigma's purported financial condition will change materially between now and November 16, 2011. In view of this fact and the long-overdue status of the payment, this Court declines to extend the payment deadline beyond October 7, 2011. The Court therefore **MODIFIES** its August 4 Order and **DIRECTS** Sigma to pay the sanctions award in full by **October 7, 2011**.

With respect to NETI's request for fees and costs, the Court reserved decision on this issue in its August 4 Order. *See* D.E. 86 at 6. NETI previously submitted, at Judge Zloch's direction, a request for Sigma to pay $1,358.07 in fees and costs that NETI had expended in filing its Motion for Order to Show Cause, along with a declaration and billing statements supporting that request.

*See* D.E. 79 at 1; D.E. 80; *see also* D.E. 76 at 2 (provision of Order to Show Cause directing NETI to file documents "establishing the costs and fees incurred in the preparation and execution of the instant Motion"). In subsequent filings, NETI has maintained its request for these fees and costs, and Sigma has never disputed the propriety or amount of NETI's request.[1]

The Eleventh Circuit has held that "an award of attorney fees to the injured party in a civil contempt case is within the district court's discretion." *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 (11th Cir. 1986). Specifically, "attorneys' fees in a civil contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to enforce compliance." *Abbott Labs. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000). When a party's continued violation of a court order requires the opposing party to seek enforcement of the order through a motion for contempt, the resulting attorney's fees and costs may be assessed against the noncomplying party, even if the court ultimately does not hold that party in contempt. *See Casale v. Kelly*, 710 F. Supp. 2d 347, 367 (S.D.N.Y. 2010); *see also Wild Cats, Inc. v. Blas*, No. 06-22345, 2007 WL 1545876, at *1 (S.D. Fla. May 29, 2007) ("Attorney fees and costs [for a contempt motion] are awarded pursuant to this Court's discretion and inherent power to sanction."). And a court has broad discretion to award costs incurred by the party seeking a contempt finding, regardless of whether such costs would otherwise be recoverable. *See Tom James Co. v. Morgan*, 141 F. App'x 894, 900 (11th Cir. 2005) (per curiam).

---

[1] In its Motion for Sanctions and Reply, NETI also requested an unspecified award of fees and costs in connection with its filing of those papers. *See* D.E. 82 at 4; D.E. 85 at 2. But NETI has not submitted any documents detailing its request for these additional fees and costs. Further, in its recent filing responding to Sigma's notice that it would pay the sanctions award, NETI requested only the costs and fees that it had incurred in filing the Motion for Order to Show Cause. *See* D.E. 88 at 2. Thus, the Court limits its award of fees and costs to those specifically requested by NETI.

Having reviewed NETI's filings in support of its request for fees and costs, the Court finds that the requested expenses, totaling $1,358.07, were reasonable and necessary in enforcing Sigma's compliance with the Sanctions Order. The declaration and billing statements provided by NETI show that it incurred $1,220.00 in attorney's fees in filing the Motion for Order to Show Cause. One of NETI's attorneys, David G. Thomas, spent 2.0 hours preparing the Motion, at an hourly rate of $350.00. *See* D.E. 80-1 at 4; D.E. 80-2 at 4. Another attorney, Jonathan Chane, spent 1.6 hours working on the Motion, at an hourly rate of $325.00. *See id.* In addition, NETI incurred $138.07 in legal-research costs for the Motion. *See* D.E. 80-1 at 4; D.E. 80-2 at 5. The Court has already determined in its Sanctions Order that the rates charged by Thomas and Chane are reasonable. *See* D.E. 70 at 9-10. Further, all of the attorney time entries and research expenses detailed in the billing statements were reasonable for the tasks performed and appear to have been necessary in preparing the Motion. The Court also notes that Judge Zloch granted NETI's Motion and that although Sigma's election to pay the sanctions award avoided the need for further contempt proceedings, NETI's Motion was necessary to enforce Sigma's compliance with the Sanctions Order. Moreover, Sigma concedes that it failed to comply with the Sanctions Order, and it has withdrawn its earlier claim of financial incapacity.[2]

Accordingly, NETI's request for an award of fees and costs in the amount of $1,358.07 is **GRANTED**. Sigma is hereby **ORDERED** to pay this amount to NETI by **November 16, 2011,** in addition to the $8,659.50 sanctions award that is due by October 7, 2011. If Sigma does not timely pay the total amount of $10,017.57, NETI shall immediately notify the Court of Sigma's nonpayment, and the Court will move forward with contempt proceedings against Sigma.

---

[2]Because Sigma no longer claims that it is unable to pay the sanctions award, it is unnecessary (at least for purposes of this Motion) for Sigma and Alan Luboff to produce the banking and accounting records requested by NETI. *See* D.E. 88 at 2-3.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 9th day of September, 2011.

                                                                          /s/ Robin S. Rosenbaum
                                                                          ROBIN S. ROSENBAUM
                                                                          United States Magistrate Judge

cc:   Hon. William J. Zloch
        Counsel of record